# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| *IN RE*: : | |
| : | |
| BRENDA DIANE GREEN : | Case No.: 22-32508-KLP |
| : | (Chapter 13) |
| Debtor : | |

_____

| | |
|---|---|
| CONSERV EQUIPMENT LEASING, LLC : | |
| : | |
| Plaintiff : | Adversary Proceeding No. |
| : | |
| v. : | |
| : | |
| BRENDA DIANE GREEN : | |
| : | |
| Defendant : | |

## COMPLAINT TO DETERMINE WHETHER DEBTOR IS ENTITLED TO DISCHARGEABILITY OF DEBTS

COMES NOW Conserv Equipment Leasing, LLC ("Conserv" or "Plaintiff") and for its Complaint to Determine Whether Debtor is Entitled to a Dischargeability of Debts ("Complaint") against Brenda Diane Green ("Debtor" or "Defendant" or "Green"), shows the Court the following:

### JURISDICTION AND VENUE

1. This Adversary Proceeding is being brought in connection with Debtor's case under Chapter 13 of Title 11, Case Number 22-60306 now pending in this Court. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 1328 and 523 et seq.

2. This Adversary Proceeding constitutes a core proceeding as that term is defined under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

1

## PARTIES

4. Conserv Equipment Leasing, LLC, a limited liability company organized under the laws of the State of Tennessee, is a creditor of Debtor pursuant to the below-described Lease Agreement and related instruments.

5. Defendant is an individual who may be served with process at her residence at 9283 Coleman Road, Mechanicsville, Virginia 23116. Debtor is subject to the jurisdiction and venue of this court.

## FACTUAL BACKGROUND

6. Conserv is a creditor of the Debtor pursuant to that certain Equipment Lease Contract No. 1125-001 dated September 1, 2021 ("Lease") executed by BG & RJ Hauling, LLC ("BGRJ") to Plaintiff for lease of that certain 2016 Kenworth T880 Quint-Axle Dump Truck VIN:1NKZXPTX0GJ109422 (the "Equipment") and the Debtor and her spouse, Granville Green executed that certain Personal Guaranty contained therein (the "Guaranty"). A true and correct copy of the Lease and Guaranty is attached hereto as **Exhibit A**.

7. Among other things, the Debtor and BGRJ promised in the Lease to "keep the Equipment free and clear of any and all liens….and…promptly at your sole cost and expense, take such action as may be necessary or appropriate to discharge any such Lien…" (Lease and Guaranty, p. 2).

8. The Lease was refinanced by that certain Note and Security Agreement ("Note") from BGRJ to Conserv Lending, LLC ("Conserv Lending") for the same Equipment, dated October 6, 2018, which was also guaranteed by the Debtor. A true and correct copy of the Note is attached hereto as **Exhibit B**.

9. However, on May 21, 2021, the Debtor and BGRJ had signed a Commercial Note and Security Agreement ("Mission Note") granting Mission Financial Service Corp. ("Mission") a lien on the Equipment ("Mission Lien") to secure a Note in the amount of $23,447.09, thus fraudulently putting a prior lien on the Equipment in violation of the representations made by the Debtor in the Lease and Note. A true and correct copy of the Mission Note and title to the Equipment showing the Mission Lien on same is attached hereto as **Exhibit C**.

10. The Debtor never notified Conserv of the existence of the Mission Note and Mission Lien, and Conserv did not discover same until the Debtor had defaulted on the Lease and Guaranty and Conserv had repossessed the Equipment and attempted to sell same.

11. As a result, Conserv had to pay off $18,459.82 that was owed to Mission on the Mission Note when it repossessed and sold the Equipment.

12. Conserv has filed a proof of claim in this case in the amount of $98,239.50. [Claim No. 9].

13. In addition, the Debtor transferred her interest in BGRJ to her spouse, Granville Green, on August 23, 2022 for no consideration, less than three weeks prior to filing her bankruptcy petition in this matter.

23. The Debtor has willfully and maliciously injured Conserv's Equipment, by, *inter alia*, intentionally damaging Conserv's interest in the Equipment by placing the Mission Lien on the Equipment prior to Conserv's interest in the Equipment and thus converting Conserv's interest in same.

24. In addition, the Debtor obtained the Lease and Guaranty and continued use of the Equipment through a material misrepresentation that the Debtor knew was false regarding clear title to the Equipment, made with intent to deceive Conserv, Conserv justifiably relied on the

Debtor's false representations and Conserv's reliance on the Debtor's false representations was a proximate cause of its loss of the amounts owed on the Lease and Guaranty.

25. Furthermore, the Debtor has made her Guaranty worthless to Conserv by, *inter alia*, transferring away her interest in BGRJ shortly before filing bankruptcy.

***Debtor Not Entitled to a Discharge or to Discharge the Debt Owed to Lender***

26. It is axiomatic that bankruptcy is for the honest but unfortunate debtor. As has been shown above, the Debtor is neither honest nor unfortunate. On the contrary, Debtor is attempting to use the Bankruptcy Court to provide cover for her conversion of the title to Conserv's Equipment via the Mission Lien, her false representations regarding the title to same and her transfer of her interest in BGRJ.

27. Debtor owes Conserv on the Lease and Guaranty as of the Petition Date $94,376.53 in principal plus $3,862.97 in interest, plus interest accruing at the rate of 18% per annum until paid, plus post-judgment interest accruing thereafter at the legal rate. This is a liquidated amount and should be determined non-dischargeable.

<u>COUNT I</u>
<u>ACTION TO DENY DISCHARGEABILITY OF PLAINTIFF'S DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)</u>

28. Conserv re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 27 above as if the same were fully set forth herein.

29. Debtor engaged in actions which inflicted willful and malicious injury on Conserv's Equipment, and, as a result the debt owed to Conserv, plus interest, is non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

30. Conserv has sustained loss and damage as a result of Defendant's fraudulent scheme in the principal amount of at least $94,376.53 in principal plus $3,862.97 in interest, as well as attorneys' fees and other charges or such other amounts to be shown at trial.

31. Conserv is entitled to recover punitive and exemplary damages because Defendant's actions show willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences.

32. Conserv is entitled to judgment against Defendant for reasonable attorneys' fees pursuant to the Lease and Guaranty.

## COUNT II
## ACTION TO DENY DISCHARGEABILITY OF PLAINTIFF'S DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

33. Conserv re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 above as if the same were fully set forth herein.

34. Debtor obtained money, renewal and extensions of credit by false pretenses and by false representations and by actual fraud within the definition of non-dischargeability of debts contained in 11 U.S.C. § 523(a)(2)(A).

34. Debtor concealed and did not disclose the above-described transfer of title of the Equipment to Mission.

35. Around the time and after BGRJ began having business difficulties, Debtor engaged in a pattern, practice, and scheme of transferring her assets away from herself so that her personal Guaranty of the Lease would be worthless, as well as diverting away the assets of BGRJ so that it would also be diminished in value and Conserv would have no means of recovering the debt owed by them.

36. Such actions by Debtor made her Guaranty worthless and constitute actual fraud in that, among other things, Debtor hid and concealed changes in her financial condition and the transfer of her assets and those of BGRJ.

37. Debtor made misstatements on Lease and Guaranty executed to Conserv.

38. Debtor failed to notify Conserv that the information she provided with respect to title to the Equipment had ceased to be true in material respects.

39. Debtor obtained money, renewal or extensions of credit by actual fraud by concealing the above transfer of title.

40. Debtor, with intent to deceive Conserv, made materially false statements in writing to Plaintiff, to whom Debtor is liable, respecting title to the Equipment.

41. Conserv reasonably or justifiably relied on Debtor's materially false statements and extended, renewed and/or refinanced credit to Debtor as a result.

42. In addition, the Debtor fraudulently conveyed and/or converted BGRJ's assets with the intent to defraud her creditors, pursuant to 11 U.S.C. § 523(a)(2)(A). <u>Husky Intern. Electronics, Inc. V. Ritz</u>, 136 S.Ct. 1581, 1589 (U.S. 2016).

43. For this reason, the Defendant's debt to Plaintiff should be excepted from debtor's discharge under 11 U.S.C. § 523(a)(2)(A).

44. Conserv has sustained loss and damage as a result of Defendant's fraudulent scheme in the principal amount of at least $94,376.53 in principal plus $3,862.97 in interest, as well as attorneys' fees and other charges or such other amounts to be shown at trial.

<u>COUNT III</u>
<u>ACTION TO DENY DISCHARGEABILITY OF PLAINTIFF'S DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(B)</u>

35. Conserv re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 44 above as if the same were fully set forth herein.

36. Debtor obtained money, renewal and extensions of credit by false pretenses and by false representations and by actual fraud within the definition of non-dischargeability of debts contained in 11 U.S.C. § 523(a)(2)(B).

45. Debtor concealed and did not disclose the above-described transfer of title of the Equipment to Mission.

46. Debtor failed to notify Conserv that the information she provided with respect to title to the Equipment had ceased to be true in material respects.

47. Debtor obtained money, renewal or extensions of credit by actual fraud by concealing the above transfer of title.

48. Debtor, with intent to deceive Conserv, made materially false statements in writing to Plaintiff, to whom Debtor is liable, respecting title to the Equipment.

49. Conserv reasonably or justifiably relied on Debtor's materially false statements and extended, renewed and/or refinanced credit to Debtor as a result.

50. For this reason, the Defendant's debt to Plaintiff should be excepted from debtor's discharge under 11 U.S.C. § 523(a)(2)(B).

37. Conserv has sustained loss and damage as a result of Defendant's fraudulent scheme in the principal amount of at least $94,376.53 in principal plus $3,862.97 in interest, as well as attorneys' fees and other charges or such other amounts to be shown at trial.

WHEREFORE, Conserv prays that this Court:

a. As to Count I, II and III, enter judgment a non-dischargeable judgment in favor of Plaintiff and against Debtor on the Leases in the amount of principal amount of $94,376.53 plus $3,862.97 in interest, plus interest accruing after the Petition Date at the rate of 18% per annum, plus post-judgment interest accruing thereafter at the

legal rate, together with attorneys' fees, as well as damages for the lost value of the Non-Peterbilt Equipment and the repair fees required for same, and other charges or such other amounts to be shown at trial pursuant to 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(2)(A);

b. Enter judgment against the Debtor for punitive and exemplary damages, as well as attorney's fees and other charges or such other amounts to be shown at trial;

c. Enter judgment awarding Plaintiff all of its expenses of litigation, including reasonable attorneys' fees; and

d. Grant such other and further relief as this Court deems just and proper.

This 16th day of December, 2022.

Respectfully submitted,

**THE LAW OFFICES OF RONALD S. CANTER, LLC**

*/s/ Bradley T. Canter*
Bradley T. Canter, Esquire, #86766
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
bcanter@roncanterllc.com
**Counsel for Creditor,**
**Conserv Equipment Leasing, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by U.S. Mail, proper postage attached on this 16th day of December, 2022 to:

| | | |
|---|---|---|
| Brenda Diane Green<br>9283 Coleman Road<br>Mechanicsville, VA 23116 | - | Debtor |

And electronically transmitted to:

| | | |
|---|---|---|
| Veronica D. Brown-Moseley<br>Boleman Law Firm, P.C.<br>PO Box 11588<br>Richmond, VA 23230 | - | Counsel for Debtors |
| Carl M. Bates<br>341 Dial 866-813-0912 Code: 8576180<br>P. O. Box 1819<br>Richmond, VA 23218 | - | Trustee |
| John P. Fitzgerald, III<br>Office of the US Trustee - Region 4 -R<br>701 E. Broad Street, Ste. 4304<br>Richmond, VA 23219 | - | U.S. Trustee |

*/s/ Bradley T. Canter*
Bradley T. Canter