DocuSign Envelope ID: 7AEC5CC4-9D09-452F-A6C0-0EC121BF4C82
PO Box 92286, Nashville, TN 37209

This is a copy view of the Authoritative Copy held custodian.

**Equipment Lease Contract (1$ PO)**
**Lease No. 1125-001**

Exhibit A

| BORROWER | | | | | |
|---|---|---|---|---|---|
| Company Name (Exact business name or name on driver's license if individual): | | BG & RJ Hauling LLC, | | | |
| Address: | 9123 Colonnade Cir | Ashland | Hanover | VA | 23005-7463 |
| | Street | City | County | State | Zip |
| Phone: (804) 986-6801 | Email: brendagreen1127@gmail.com | | Company Type: LLC | | |
| Equipment Location: | 9123 Colonnade Cir, Ashland, VA 23005 | | State of Incorporation/Organization: | | VA |
| Vendor: | Conserv Machinery, LLC | | | | |

**DESCRIPTION OF EQUIPMENT (SEE ATTACHMENT A )**

| | |
|---|---|
| Equipment Cost: $134,618.32 | **Rent Payments** |
| Lease Term: 60 months from the First Monthly Rent Date. | Initial Rent: $0.00 |
| Each Monthly Rent following the Initial Rent shall be due on the 24th day of each month beginning 9/24/2021 (First Monthly Rent Date). | Origination Fees: GPS Fee: $0   Lease Doc Fee: $0.00 |
| You will pay any applicable taxes in addition to the Rent Payments set forth above. | Total due on signing: $0.00 |
| | Monthly Rent $3,200.00 from 9/24/2021 to 9/24/2026 |
| | Final Rent payment will include $1.00 as purchase price for the Equipment, plus any applicable taxes or other unpaid amounts under this Lease. |

This Equipment Lease Agreement (the or this "Lease") has been written in "Plain English". When we use the words you or your in the Lease we mean the Lessee, as shown above. When we use the words we, us and our or Conserv in this Lease, we mean Conserv Equipment Leasing, LLC, the Lessor. **DO NOT SIGN IF YOU DO NOT UNDERSTAND YOUR OBLIGATIONS OR LIABILITIES UNDER THIS LEASE. YOU SHOULD SEEK YOUR OWN LEGAL COUNSEL PRIOR TO SIGNING THE LEASE.**

1. You want to acquire the equipment described above ("Equipment") from the Vendor for the Equipment Cost as evidenced by the Vendor's invoice. You want us to lease the Equipment to you by means of a lease/purchase agreement. The term of this Lease commences on the date that you accept delivery of the Equipment noted above which shall be conclusively presumed to occur on the earliest of: (a) the date we make payment to the vendor for the Equipment or any portion of it, (b) the date when we determine that you first use any item of Equipment, or (c) the date of the Acceptance Certificate for the Equipment. You will pay installation and delivery costs. You agree to pay us monthly Rent ("Rent"), in advance, for each month or any part thereof that this Lease is in effect. The Initial Rent payment shall be paid on the date this Lease commences followed by monthly Rent in the amount and for the Lease Term stated above. **YOUR OBLIGATION TO PAY THE RENT PAYMENTS AND OTHER AMOUNTS DUE UNDER THIS LEASE IS ABSOLUTE AND UNCONDITIONAL AND SHALL CONTINUE IN FULL FORCE AND EFFECT REGARDLESS OF ANY DEFECT IN THE EQUIPMENT, ANY INABILITY TO USE THE EQUIPMENT OR ANY OTHER CIRCUMSTANCE WHATSOEVER AND IS NOT SUBJECT TO CANCELLATION, REDUCTION, SETOFF OR COUNTERCLAIM. THE INITIAL RENT PAYMENT IS (a) DEEMED EARNED ON EXECUTION OF THIS LEASE, (b) A MATERIAL INDUCEMENT TO OUR EXECUTION AND PERFORMANCE AND INCLUDES CONSIDERATION FOR, AMONG OTHER THINGS, OUR AGREEMENT TO EXTEND CREDIT TO YOU AND PUT THIS LEASE INTO EFFECT AND (c) IS NOT SUBJECT TO PRORATION ON EARLY TERMINATION OF THE LEASE WHETHER BY CASUALTY OR OTHERWISE.** If we do not receive your Rent by its due date, there will be a late fee equal to the greater of $20.00 or 15% of the late amount (or, if less, the maximum amount allowable under applicable law). You agree to pay the Documentation Fee set forth above to cover our costs related to documenting this Lease. You agree that this Lease may be executed, communicated, and retained electronically and a facsimile or other electronic version shall be admissible in court as conclusive evidence of your agreement. You agree to allow us to adjust the Rent amount above if the final Equipment cost varies from the amount the payment was based upon. **DESPITE ITS FORM, THIS IS A LEASE. WE OWN THE EQUIPMENT. IN THE EVENT THAT A FUTURE COURT DETERMINES THAT THIS IS A SECURITY AGREEMENT, YOU GRANT TO US A FIRST PRIORITY SECURITY INTEREST IN THE EQUIPMENT, INTENDED TO BE A PURCHASE MONEY SECURITY INTEREST.**

The Lease is subject to the additional terms and conditions on the pages that follow, and those terms are fully incorporated by reference herein.

The undersigned warrants on behalf of the Lessee that he/she is an officer, member or general partner of the Lessee and is duly authorized to sign and bind the Lessee to the terms of this Lease and other documents related to the Lease and the Lessee is duly incorporated or organized, validly existing and in good standing under the laws of the State where incorporated or organized.

**ACCEPTANCE OF EQUIPMENT LEASE AGREEMENT** This is a binding contract. It cannot be cancelled. Read it carefully before signing and consult a lawyer if you have any questions. You may request a copy of this Lease in larger type before signing.

| | |
|---|---|
| X _Kyle Tasman_ (DocuSigned) | X _Brenda Green_ (DocuSigned) |
| Conserv Equipment Leasing, LLC | BG & RJ Hauling LLC, |
| Printed Name of Signer: Kyle Tasman | Printed Name of Signer: Brenda Green |
| Title: Portfolio Manager | Title: Manager Member |
| Date: 9/1/2021 | Date: 9/1/2021 |

Exhibit A

DocuSign Envelope ID: 7AEC5CC4-9D09-452F-A6C0-0EC121BF4C82

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

2.  If no Event of Default has occurred and is continuing you may Purchase all but not less than all Equipment at the end of the Lease Term (the "Purchase"), AS IS, WHERE IS and WITH ALL FAULTS for cash in an amount equal to the difference between the Final Rent Payments shown as (A) and (B), above. If you purchase the Equipment, we will deliver the title to you within a reasonable time and you will be responsible for all re-titling and terminating any UCC financing statements we have filed. No more than 365 days and no less than 30 days prior to the end of the Lease Term, you shall give us written notice of your intention to either return the Equipment to us or purchase the Equipment by exercising the Purchase. Provided you have given such timely notice, on or before the last day of the Term you shall, at your cost, return the Equipment to us in the condition required by Section 4 of this Lease (along with all maintenance records, repair orders, license plates, registration certificates, titles and all similar documentation) in a manner and to a location designated by us, or remit the Purchase amount. If you fail to so notify us or, having notified us, you fail to return the Equipment at the end of the Lease Term or you fail to remit the Purchase amount, the Lease term shall automatically renew for another three month period under the same terms and conditions as are described herein. We have no obligation to remind you of this renewal, except as required by applicable law.

3.  You alone selected the Vendor and the Equipment. You asked us to finance it. We are not related to the Vendor and we cannot get a refund, nor is the Vendor allowed to waive or modify any term of this Lease. The Lease cannot be canceled by you for any reason, even if the Equipment fails or is damaged and it is not your fault. WE ARE LEASING IT TO YOU "AS IS" AND WE MAKE NO (AND HEREBY DISCLAIM ANY AND ALL) EXPRESS OR IMPLIED WARRANTIES OF ANY KIND WITH RESPECT TO THE EQUIPMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. We hereby assign any Vendor or manufacturer warranties so long and there is no Event of Default. You may contact the Vendor to get a statement of those warranties the Vendor may have given us. You shall settle any dispute regarding the Equipment's performance directly with the Vendor. If any portion of the Equipment is software, you acknowledge that we do not own the software and we have no responsibilities as to it. You assign to us as security any rights you may have under any license, but we assume none of your obligations. Any software that is part of the Equipment will be licensed to you by the owner with no reduction in Rent.

4.  You are responsible for maintaining the Equipment. You agree, at your expense, to use, maintain and keep the Equipment: (a) in good operating order in the manner for which it was designed and intended; (b) SOLELY FOR YOUR BUSINESS PURPOSE and not for farming, consumer, personal, family or household purposes; (c) in accordance with manufacturer's recommendations; and (d) in compliance with all applicable laws, regulations and insurance requirements. You will only allow properly trained and, if required, licensed operators to operate the Equipment. We may inspect the Equipment (and all maintenance records, repair orders, license plates, registration certificates, titles and all similar documentation) any time during normal business hours. You agree to reimburse us for all costs incurred related to such inspections. You are responsible to provide all certificates of title for any vehicle to us within sixty (60) days from the commencement of the Lease at your expense. Maintenance shall be at least as good as for other Equipment owned, leased or otherwise operated by you and shall at all times maintain the highest possible value and utility of such Equipment, allowing it to be used for its original intended purpose. You will not modify or alter any Equipment without our prior written consent excepting regular maintenance. Ownership of all attachments, additions or replacements is automatically transferred to us; provided that on return of the Equipment to us we may remove or require you to remove, in either case at your cost, any such attachments, additions or replacements and repair any damage to the Equipment resulting from installation or removal. The Equipment shall be based at and return on a regular basis to the location set forth above. The Equipment must remain in the continental United States at all times during the Lease Term. You must keep the Equipment free and clear of any and all liens, encumbrances, mortgages, security interests, pledges, charges or claims ("Liens") and will promptly, at your sole cost and expense, take such action as may be necessary or appropriate to discharge any such lien except the respective rights of you and us under this Lease. You agree to promptly notify us in writing of any loss or damage to the Equipment. If we determine that any part of the Equipment is lost, stolen, destroyed or damaged beyond repair, you shall, at our option, (a) replace the same with like equipment in good repair, acceptable to us or (b) pay to us in cash the following ("Casualty Value") (i) all amounts due by you to us under this Lease up to the date of loss; (ii) the accelerated balance of the total amounts due for the remaining term of this Lease attributable to the Equipment discounted to present value at the discount rate of two percent (2.0%) (the "Discount Rate") as of the date of loss; and (iii) our estimate of the Fair Market Value of the Equipment at the end of the term, discounted to present value at the Discount Rate of the date of loss. Upon our receipt of payment as set forth in this Section, you shall be entitled to the Equipment "AS IS, WHERE IS" without warranties.

5.  At any time during the Lease Term, at our sole discretion, we, or our agent, may install GPS location monitoring devices on the Equipment. You agree that you shall immediately upon our request make the Equipment available to us for such installation. You will not disable or damage any GPS devices. Once installed, in addition to the Rent and any other amounts due hereunder, you will pay a monthly fee for each such GPS device to cover our costs plus monitoring fees paid to third parties.

6.  It shall be an "Event of Default" if you do not pay us as agreed, fail to perform any other term of this Lease, breach any representation, covenant, conditions are warranties hereunder, you or any guarantor of your obligations dies, becomes insolvent, files for or is the subject of a proceeding in bankruptcy, reorganization or any similar law or breaches or repudiates this Lease or the guaranty, if your primary business, ownership or management changes, or if you default on contracts with other persons, suffer a significant adverse change in your business or financial condition or otherwise give us good reason to believe you will be unable to perform this Lease. You agree that if an Event of Default has occurred and is continuing, we may, in our sole discretion, do any or all of the following, each of which shall be construed as cumulative, and no one of them as exclusive of the others: (a) proceed by appropriate court action or actions; (b) without further notice to you, terminate or cancel this Lease whereupon all of your rights to the use of the Equipment shall absolutely cease and terminate, and you shall deliver possession of the Equipment to us in accordance with Section 2 hereof and you shall remain liable as herein provided; (c) whether or not this Lease is terminated, take possession of any or all of the Equipment wherever situated, and for such purpose, enter upon any premises without liability for so doing; (d) sell, dispose of, hold, use or lease the Equipment, without any obligation to mitigate its damages or apply any such amounts to the amounts owed on the Lease; (e) declare the entire unpaid rent and other obligations (including our estimate of the Fair Market Value of the Equipment at the end of the term) discounted to present value at the Discount Rate immediately due and payable plus interest thereon at a rate of interest equal to one and one half percent (1.5%) per month, to be due and payable, as liquidated damages for loss of bargain and not as a penalty; (f) directly debit your bank account(s); and (g) exercise any other right, remedy, election or recourse provided for in this Lease or which is available to us in law or equity. You agree that an Event of Default under this Lease or any Lease, Note or other agreement you or Guarantor have with Conserv or its affiliated companies shall constitute an Event of Default under all Leases, Notes or other agreements you or Guarantor have with us. You further agree that all amounts due by You or Guarantor on any Leases, Notes or other agreements with Conserv or any of its affiliated companies are secured and cross collateralized by the Equipment and any Equipment or Collateral under those other Leases, Notes or other agreements. Unless otherwise agreed to by Conserv or its affiliated companies in writing, no Equipment or Collateral shall be released by Conserv or its affiliated companies until all indebtedness owed under any such agreement is paid in full.

7.  You, as owner of the Equipment (a) grant us a security interest in the Equipment as provided above, and (b) agree with us that if the interest portion of the payments hereunder exceeds the maximum rate permitted by applicable law the payments shall be reduced so that the interest portion is the highest rate permitted by applicable law, with any excess applied to your obligations to us or refunded if no obligations remain. The Equipment shall remain personal property and not become a fixture. You grant us power of attorney, and hereby authorize us to file Uniform Commercial Code ("UCC") financing statements or take other action as we deem necessary or desirable to protect our interest, and we may charge you a fee to cover documentation and other costs. You waive all rights and remedies you may have under the UCC, to the extent permitted by law.

Initial: _B.D._

8. You will file all property tax returns for the Equipment and you will pay, unless otherwise instructed by us in writing, and indemnify us against for all held sales, use, property and other taxes and administrative charges relating to the financing, leasing, ownership, purchase or use of the Equipment, including licensing and registration fees, (Federal) Heavy Vehicle Use Taxes and operating permits and tolls, including penalties and interest. . These obligations to pay and indemnify shall continue even after the Lease has ended.

9. You accept all risks of loss and damage to the Equipment. You shall at all times carry commercial liability insurance on the Equipment in amounts satisfactory to us but in no event less than $1,000,000.00. You shall also, at your election by initialing below (initial your choice, if you do not initial either, you will be considered to have selected option 1 (One):

**Option One:** _____[B.D.]_____ (a) keep the Equipment insured against all risks in amounts specified by us from time-to-time but in no event less than the greater of replacement value (special form replacement insurance) or the Casualty Value; and (b) pay us a tracking fee for monitoring your insurance compliance of **$30 (THIRTY)** per month. If you select this Option One but do not maintain insurance required or fail to pay the tracking fee, we may charge you the amount specified in Option Two or exercise our other rights under this section 9.

**Option Two:** _____ Pay us a fee for damage waiver and additional risk of liability of **$281.00** per month.

All insurance shall be in form and with insurance companies satisfactory to us and we must be named loss payee and additional insured on all such insurance policies. All such insurance policies shall provide for the giving of thirty (30) days notice to us prior to any material alteration or cancellation thereof. You hereby appoint us as your attorney in fact to make claim for, receive payment of, and do all acts necessary to collect the proceeds of such insurance. You agree that all insurance proceeds will be paid directly to Conserv and that Conserv may apply such insurance proceeds to any obligations you owed to Conserv or its affiliated companies, in its sole discretion. You shall provide us with acceptable certificates or other evidence of insurance that we request. If you fail to maintain any insurance required under this section 9, we may, but are not required to, obtain coverage insuring our risk related to the Equipment and this Lease and you agree to pay the costs of such coverage on demand. The cost of such coverage may include profit to us. You will not be covered by any such insurance and the cost will be higher than insurance you arrange.

You acknowledge that, regardless of which option you select, (i) we may make a profit on any amount charged under this section 9, (ii) we are not providing any insurance for your benefit or obligated to evaluate any insurance you provide, (iii) we are not selling or requiring you to purchase from us any form of insurance, (iv) and any amount charged under this section 9 may not reflect our actual costs, risks, exposures or damages.

10. You may not sell, transfer, assign, lease, sublease, rent or otherwise transfer possession of any Equipment or any rights, title or interests in the Equipment or this Lease to anyone. We may sell or transfer our interests in this Lease to another person or company, who will then have all of our rights but none of our obligations. Those obligations will continue to be ours. The rights we pass on to the new person or company will not be subject to any defenses, claims or set-offs you may assert against us.

11. You agree to defend, indemnify and hold us (and our officers, directors, employees, agents, and members, servants and any successors and assigns) harmless from and against: (a) all claims, demands, suits and legal proceedings arising out of or related to this Lease or any Equipment including: (i) the actual or alleged manufacture, purchase, financing, ownership, delivery, rejection, non-delivery, possession, use, transportation, storage, operation, maintenance, repair, return or disposition of the Equipment; (ii) patent, trademark or copyright infringement; or (iii) any alleged or actual default by you ("Actions"); and (b) any and all penalties, losses, liabilities (including the liability of you or us for negligence, tort and strict liability), damages, costs, court costs and any and all other expenses (including attorneys' fees, judgments and amounts paid in settlement), incurred incident to, arising out of or in any way connected with any Actions, this Lease or any Equipment. This indemnity shall continue even after the Lease has ended.

12. THIS AGREEMENT SHALL BE INTERPRETED, CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TENNESSEE APPLIED WITHOUT GIVING EFFECT TO CONFLICT OF LAWS PRINCIPLES. YOU AGREE THAT ANY ACTION OR PROCEEDING INVOLVING THIS AGREEMENT MAY BE MAINTAINED IN THE STATE OR FEDERAL COURTS IN DAVIDSON COUNTY, TENNESSEE AND YOU CONSENT TO JURISDICTION THERE AND WAIVE ANY CLAIM OF INCONVENIENT VENUE. YOU WAIVE ANY RIGHT TO TRIAL BY JURY. You agree we are entitled to reasonable attorneys' fees if an Event of Default occurs by you in this Lease. Any notice we give you will be deemed received on the day it is sent by e-mail or facsimile and otherwise 24 hours after the date posted or sent by courier. If any provision of this agreement is invalid, the remainder of this agreement shall remain in effect. Although you may not assign this agreement, it is binding on your heirs, successors and assigns and is to the benefit of our successors and assigns. You acknowledge that you have had an opportunity to review this agreement with counsel of your choice and it will not be interpreted against us because we drafted it. This Lease contains the entire agreement of the parties (THERE ARE NO ORAL AGREEMENTS REGARDING THE EQUIPMENT OR THIS LEASE) and may be not supplemented, amended or varied in any way except in a writing signed by Lessor. You acknowledge that we are not a "merchant" under the UCC with respect to the Equipment leased under this Lease.

Initial: _____[B.D.]_____

---

**PERSONAL GUARANTY** Read carefully before signing and consult a lawyer if you have any questions.

The undersigned ("Guarantor" whether one or more) hereby personally, unconditionally and jointly and severally (if more than one) guarantees payment and performance of all Rent and other obligations owed by the Lessee under this Lease and any other Leases. Guarantor agrees that the Lessor may extend, transfer and amend the Lease and Guarantor agrees to be bound by all such changes. Guarantor waives all notices, including notices of transfer, demand and default and all surety defenses. Guarantor agrees that the Lessor may proceed against Guarantor separately from the Lessee. Guarantor authorizes Lessor or its designee to obtain and use consumer credit reports on Guarantor from time to time in its credit evaluation and collection processes. Guarantor agrees that the law of Tennessee applies to this guaranty and the Lease and consents to suit in the courts of the state of Tennessee and waives trial by jury.

| Brenda Green | Granville L. Green |
|---|---|
| GUARANTOR #1 (Print Name) | GUARANTOR #2 (Print Name) |
| X _[signature]_   9/1/2021 | X _[signature]_   9/1/2021 |
| Signature (Individually; No Titles)   Date | Signature (Individually; No Titles)   Date |

DocuSign Envelope ID: 7AEC5CC4-9D09-452F-A6C0-0EC121BF4C82

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Attachment "A"
## Schedule of Equipment

**Lease Agreement Number: <u>1125-001</u>**
**Lessee: <u>BG & RJ Hauling LLC</u>,**

| Description | Vendor | Equipment Cost |
|---|---|---|
| 2016 KENWORTH T880 QUINT-AXLE DUMP TRUCK VIN: 1NKZXPTX0GJ109422 | Conserv Machinery, LLC | $134,618.32 |

**Total: $134,618.32**



LESSEE: <u>BG & RJ Hauling LLC</u>,

Signed: *Brenda Hm* (DocuSigned)

Title: Manager Member

Date: 9/1/2021

LESSOR: <u>Conserv Equipment Leasing, LLC</u>

By: *Kyle Tasman* (DocuSigned)

Title: Portfolio Manager

Date: 9/1/2021

DocuSign Envelope ID: 7AEC5CC4-9D09-452F-A6C0-0EC121BF4C82
Case 22-32508-KLP    Claim 9 Part 2    Filed 11/08/22    Desc Attachment A    Page 6 of 6

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# ADDENDUM TO LEASE CONTRACT
## PARAGRAPH 9: INSURANCE

WE HAVE ENTERED INTO A VEHICLE LEASE WITH CONSERV EQUIPMENT LEASING, LLC. ("LESSOR") UNDER WHICH IT IS CONTEMPLATED WE WILL LEASE A:

| See Attachment A |
|---|

UNDER THIS LEASE WE WILL BE RESPONSIBLE FOR PROVIDING PHYSICAL DAMAGE AND LIABILITY INSURANCE COVERING THIS PROPERTY. THE INSURANCE POLICY MUST LIST THE LESSOR AS FIRST LOSS PAYEE AND ADDITIONAL INSURED, AND INCLUDE A 30 DAY PRIOR WRITTEN NOTICE OF MATERIAL ALTERATION OR CANCELLATION. THIS CERTIFICATE OF INSURANCE SHOULD BE MAILED TO:

**CONSERV EQUIPMENT LEASING, LLC**
**PO BOX 92286**
**NASHVILLE, TN 37209**

### AND PROVIDE THE FOLLOWING MINIMUM COVERAGES

PRIMARY LIABILITY
$100,000 Per Person Bodily Injury
$300,000 Per Occurrence Bodily Injury
$ 50,000 Per Occurrence Property Damage

PHYSICAL DAMAGE
Cost of Vehicle: $134,6??,?32

LESSEE: BG & RJ Hauling LLC ,
Signed: *Brenda Kim*
Title: Manager Member
Date: 9/1/2021

LESSOR: Conserv Equipment Leasing, LLC
By: *Kyle Tasman*
Title: Portfolio Manager
Date: 9/1/2021