| **CONSERV LENDING, LLC**<br>5202 Centennial Blvd. #113, Nashville, TN 37209 | **Note and Security Agreement No. <u>2018100501</u>** |
|---|---|

**BORROWER**

Borrower Name (Exact business name or name on driver's license if individual): BG & RJ Hauling, LLC

Address: 9123 Colonnade Circle      Ashland      Hanover      VA      23005
         Street                      City         County       State   Zip
Phone: (804) 986-6801    Fax:        Cell:

State of Incorporation/Organization: Virginia      [ ] Corp.   [X] Limited Liability Co.   [ ] Partnership   [ ] Sole Prop.

**DESCRIPTION OF EQUIPMENT (Include make, model and serial number. Attach schedule if necessary.) MUST BE COMPLETED**

Description: 2016 Kenworth T880 Quint-Axle Dump Truck  VIN: 1NKZXPTX0GJ109422

Equipment Location: 9123 Colonnade Circle, Ashland, VA 23005

| **Terms:**<br>Equipment Cost: $145,000.00<br>Loan Amount: $126,000.00<br>Term: 60 months<br>Monthly Payment Amount: $3,050.00<br>Payment Frequency: Each Payment shall be due on the 15th day of each month beginning November 15th, 2018. | **Fees:**<br>Documentation Fee         $1,000.00<br>Other Fees and costs      $ .00<br>Down Payment              $19,000.00<br>Total due on signing      $20,000.00 |
|---|---|

This Note and Security Agreement (the "Note") has been written in "Plain English". When we use the words "you" or "your" in the Note we mean the Borrower, as shown above. When we use the words "we", "us" and "our" in this Note, we mean **Conserv Lending, LLC**, the lender.

1. PAYMENTS, OTHER CHARGES AND FEES. For the value received, you agree to pay to the order of us the payments set forth above ("Payments") and all other sums when due and payable. On the date of the last Payment you shall pay all remaining amounts due hereunder including all principal, interest, fees, costs and other amounts due. You agree to pay and indemnify and hold us harmless against all other expenses, losses, claims and attorneys' fees and costs arising out of the Equipment, this Note or the enforcement thereof. The Loan Amount and all other amounts we advance hereunder shall bear interest at the Interest Rate set forth below. Interest shall be calculated on the basis of a 360-day year and accrue on a daily basis for the actual number of days elapsed. We may apply Payments received to principal, interest and other costs in the manner we determine. We may take on your behalf any action required under this Note which you fail to take and upon receipt of our invoice you will pay all costs incurred by us in such action, plus reasonable processing fees. You agree to pay a late charge equal to 15% of each Payment that is not paid when due (not to exceed the maximum amount permitted by law.) The Documentation Fee set forth above includes the cost of processing your application and credit information and other expenses but it and other fees hereunder may not reflect the actual amount expended and may include a profit to us.

BORROWER: DO NOT SIGN THIS NOTE UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS. The undersigned warrants on behalf of the you that he/she is your officer, member or general partner, as set forth below and is duly authorized to sign and bind you to the terms of this Note and other documents related to the Note and the you are duly incorporated or organized, validly existing and in good standing under the laws of the State set forth above. This Note may be executed, communicated and retained electronically and a facsimile or other electronic version shall be admissible as evidence. We are executing only one counterpart of this Note. The counterpart bearing both (i) our original signature and (ii) your original, facsimile or electronically-mailed signatures shall be deemed the sole original counterpart and authoritative copy for all purposes and shall be admissible evidence of the Loan. You acknowledge and agree that you had full opportunity to review this Note and you had access to counsel of its choice to the extent you deem necessary in order to interpret the legal effect hereof. We are authorized to make corrections to your name or other information inserted herein. This Note contains the entire agreement regarding the transactions contemplated hereby and supersedes all prior negotiations or agreements with us regarding the extension of credit contemplated hereby. You are not on the Specially Designated Nationals or Block Person's List of the Office of Foreign Assets Control of the United States Department of the Treasury.

**ACCEPTANCE OF NOTE AND SECURITY AGREEMENT** This is a binding contract. Read it carefully before signing. You may request a copy of this Note in larger type before signing. The Note is subject to the terms and conditions on the following pages.

X _____        X _____
   Conserv Lending, LLC                      Borrower: BG & RJ Hauling, LLC

Print Name: _____         Print Name: _____

Title: _____         Title: _____

Date: _____          Date: _____

**2. SECURITY INTEREST; AGREEMENTS.** As security for the payment of any of your obligations and liabilities to us of any nature whatsoever, direct or indirect, absolute or contingent, now existing or hereafter contracted or acquired, including pursuant to this Note and any renewals, extensions and modifications hereof, you hereby give, grant and assign to us a continuing security interest in the Equipment described above together with all attachments, accessions, replacements and proceeds thereof including insurance proceeds (the "Collateral"). You will keep the Collateral in your possession at the address shown above (or if mobile equipment the Equipment it shall be based at and regularly returned to said address), maintain the Collateral in good working order, in compliance with all warranty provisions, operating manuals, insurance requirements and applicable law, replace any Collateral lost or destroyed, and give us reasonable access to inspect the Collateral and any and all of your books and records. You will not modify the Equipment without our prior written consent or use the Equipment to transfer store or contain any environmentally hazardous materials, contaminants or waste. You authorize us to prepare and file, electronically or otherwise, one or more financing statements and any amendment thereto or continuation or assignment thereof relating to the Collateral, and containing any other information required by the applicable Uniform Commercial Code (the "UCC"). If the Equipment is subject to any applicable certificate of title law, you shall deliver to us or assist us in obtaining a certificate of title on each item of Equipment showing our first priority security interest. You will not, without 45 day prior written notice, change your name, change your state or type of business organization. You will not without our prior written consent merge, consolidate or otherwise combine with any business entity. It is the intention of the parties that the Equipment not constitute fixtures and shall remain removable from the premises where located.

**3. PREPAYMENT.** YOU AGREE THAT THIS NOTE MAY NOT BE PREPAID EXCEPT AS FOLLOWS: On or after the Eligible Prepayment Date, you may prepay the full outstanding balance of this Note at any time so long as you: (i) give us at least thirty (30) days' prior written notice of your intent to make a prepayment; (ii) pay us a prepayment premium equal to Ten percent (10%) so prepaid, and (iii) pay us the full remaining balance due and payable under the Note. As used herein, "Eligible Prepayment Date" means a date twelve (12) months from the first day of the Term.

**4. INSURANCE AND RISK OF LOSS.** All risk of loss or damage of the Collateral will at all times be on you. You will procure and maintain on the Equipment at your sole cost and expense such insurance coverage in such amounts and with such responsible insurers, all as satisfactory to us, including: (a) all risk physical damage insurance against all risks of theft, loss or damage from every cause whatsoever in an amount not less than the greater of the full replacement cost of each item of Equipment or the balance due hereunder, with us and our successors and/or assigns named as lender loss payee; and (b) comprehensive general liability insurance in an amount customary for similar businesses and consistent with prudent business practices. Each policy will further provide that the insurer will give us thirty (30) days' advance written notice of any policy cancellation or non-renewal. If you shall fail to carry any insurance required hereunder, we (without obligation and without waiving any Default by you hereunder) may do so at our sole option and at your sole cost and expense, and the purchase of which need not include liability or protection of your interest. We may make a profit on the provision of any such insurance. You hereby irrevocably appoint us as your attorney-in-fact to execute and endorse all documents, checks, or drafts in your name and to submit any proof of loss to collect such insurance. Insurance proceeds may be applied, at our option, to the balance hereof rather than to repair or replace the Equipment.

**5. POWER OF ATTORNEY.** You hereby irrevocably make, constitute and appoint us as your true and lawful attorney (without requiring any act as such) with full power of substitution to do the following: (a) execute and/or file in your name any financing statements, schedules, assignments, instruments, documents and statements that you are obligated to give us hereunder or is necessary to perfect (or continue or evidence the perfection of) our security interest or lien in the Equipment; and (c) after a Default, do such other and further acts and deeds in your name as we deem necessary or desirable to enforce any of our rights or remedies or to realize on any of the Equipment.

**6. LIENS AND ENCUMBRANCES.** You shall not: (i) execute a negative pledge agreement with any Person covering any of the Equipment, or (ii) cause or permit or agree or consent to cause or permit in the future (upon the happening of a contingency or otherwise), the Equipment to be subject to any security interest, lien, claim or encumbrance.

**7. JUDGMENT AS EVENT OF DEFAULT.** It shall be a Default hereunder if any final judgment for the payment of money in excess of Fifty Thousand Dollars ($50,000.00) in the aggregate (i) which is not fully and unconditionally covered by insurance and (ii) for which you have not established a cash or cash equivalent reserve in the full amount of such judgment, shall be rendered by a court of record against you and such judgment shall continue unsatisfied and in effect for a period of thirty (30) consecutive days without being vacated, discharged, satisfied or bonded pending appeal.

**8. DEFAULT & REMEDIES.** You agree that it will be in default under this Note (a "Default") if: (a) you fail to pay when due any Payment or other amount hereunder; (b) you fail to maintain any insurance required hereunder; (c) you breach any other obligation under this Note or any representation hereunder or in any credit application submitted for this Note shall be untrue at the time it is made; (d) a petition is filed by or against you or any guarantor under any bankruptcy or insolvency law; (e) you default under any loan, lease or other agreement with us or any bank or financial institution, (f) you or any guarantor of the obligations hereunder die, (g) if you make or propose in writing, an assignment for the benefit of creditors generally, offer a composition or extension to creditors, or make or send notice of an intended bulk sale of any business or assets now or hereafter owned or conducted by you; (h) upon the commencement of any action for the dissolution or liquidation of you, or the commencement of any proceeding to avoid any transaction entered into by you, (i) the commencement of any case or proceeding for reorganization or liquidation of your debts under the Bankruptcy Code or any other state or federal law, now or hereafter enacted for the relief of debtors, whether instituted by or against you; provided however, that you shall have thirty (30) days to obtain the dismissal or discharge of involuntary proceedings filed against you; (j) upon the appointment of a receiver, liquidator, custodian, trustee or similar official or fiduciary for you or the Equipment; (k) upon the issuance of any execution or distraint process against the Equipment; or (l) if you cease any material portion of your business operations as presently conducted. Upon the occurrence of a Default, we may, in its sole discretion, in conformity with applicable law, declare all Payments due or to become due under this Note along with any other amounts due hereunder, immediately due and payable. The obligations and liabilities accelerated thereby shall bear interest at the lower of eighteen percent (18%) per annum or the maximum rate of interest which we may lawfully charge under applicable law (the "Maximum Rate"). You shall be liable for any deficiency in sale of Collateral if repossessed by us. All such remedies are cumulative and, to the extent permitted by law, may be exercised concurrently or separately. In addition to all other rights, options and remedies granted or available to us under this Agreement or otherwise available at law or in equity, upon or at any time after the acceleration of the obligations following the occurrence of an event of Default, we may, in our discretion, exercise all rights and remedies available to us under the UCC and any other applicable law or in equity, including the following rights and remedies (which list is given by way of example and is not intended to be an exhaustive list of all such rights and remedies): (A) by our own means or with judicial assistance, enter your premises and take possession of the Equipment, or render it unusable, or dispose of the Equipment on such premises, without any liability for rent, storage, utilities or other sums, and you shall not resist or interfere with such action; or (B) require you at your expense to assemble all or any part of the Equipment and make it available to Lender at any place that we designate.

**9. SALE.** You hereby agree that a notice received by you at least seven (7) days before the time of any intended public sale or of the time after which any private sale or other disposition of the Equipment is to be made, shall be deemed to be reasonable notice of such sale or other disposition. You covenant and agree not to interfere with or impose any obstacle to our exercise of its rights and remedies with respect to the Equipment, after the occurrence of an event of default hereunder. We shall have no obligation to clean up or prepare the Equipment for sale. If we sell the Equipment upon credit, you will only be credited with payments actually made by the purchaser thereof, that we receive. We may, in connection with any sale of the Equipment specifically disclaim any warranties of title or the like.

**10. RELEASE AND INDEMNIFICATION.** You release and shall indemnify, defend and hold harmless us and our respective officers, employees and agents, of and from any claims, demands, liabilities, obligations, judgments, injuries, losses, damages and costs and expenses (including, without limitation, reasonable legal fees) resulting from (i) your acts or conduct under, pursuant or related to this Agreement and any related agreements or documents (the "Loan Documents"), (ii) your breach or violation of any representation, warranty, covenant or undertaking contained in this Agreement or any Loan Documents, (iii) your failure to comply with any or all laws, statutes, ordinances, governmental rules, regulations or standards, whether federal, state or local, or court or administrative orders or decrees, (including, without limitation, environmental laws, etc.), and (iv) any claim by any other creditor of yours against us arising out of any transaction whether hereunder or in any way related to the Loan Documents and all costs, expenses, fines, penalties or other damages resulting therefrom, unless resulting solely from our acts or conduct constituting intentional misconduct or gross negligence.

Initial: B.O.S.

**11. ASSIGNMENT.** You agree that you may not voluntarily or by operation of law delegate any of your obligations under this Note but nothing in this sentence releases your heirs or successors. We may, without notifying you, assign this Note or any of our rights hereunder and release information we have about you, any guarantor and this Note to any prospective investor, participant or purchaser of this Note. If we do assign this Note or any rights hereunder, you agree not to assert against our assignee any claims you may have against us.

**12. CREDIT REPORTING.** YOU AND GUARANTOR AUTHORIZE US AND ANY CREDIT REPORTING AGENCY WE ENGAGE TO (1) INVESTIGATE REFERENCES AND INFORMATION OBTAINED FROM OR ABOUT YOU OR GUARANTOR FOR THE PURPOSE OF THIS NOTE, (2) OBTAIN YOUR AND GUARANTOR'S BUSINESS AND PERSONAL CREDIT BUREAU REPORTS FROM TIME TO TIME, (3) report your and guarantor's transaction and experiences with this Note to credit bureaus and (4) release or use any credit information in connection with enforcement of our rights hereunder. To the maximum extent permitted by law, you and Guarantor waive any claim for damages relating to any such investigation or disclosure.

**13. INTEREST RATE.** ANYTHING HEREIN TO THE CONTRARY NOTWITHSTANDING: It is our intention to comply strictly with applicable usury laws and not to receive, collect, or apply as interest any interest (including fees, charges or other payments deemed equivalent to interest under applicable law) in excess of the Maximum Rate or exceed the maximum amount of time price differential permitted to be charged or collected by applicable law. Accordingly, we have agreed and your obligations hereunder are limited by our agreement that, in the event that we ever receive, collect, or charge any amount in excess of the Maximum Rate or maximum amount of time-price differential, such excess shall be applied to the reduction of the principal balance owed hereunder or if all principal and accrued lawful interest is paid in full, any remaining excess shall forthwith be paid to you, or other party lawfully entitled thereto. The interest rate used to calculate your Monthly Payment Amount is 15.79 percent per year. Any provision hereof or of any other agreement between you and us that operates to obligate or compel you to pay interest in excess of the Maximum Rate shall be construed to require payment of the Maximum Rate only.

**14. JURISDICTION AND VENUE.** THIS NOTE SHALL BE INTERPRETED, CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TENNESSEE, applied without giving effect to conflict-of-laws principles. For purposes of any action or proceeding involving this Note, YOU HEREBY EXPRESSLY SUBMIT TO THE JURISDICTION OF ALL FEDERAL AND STATE COURTS LOCATED IN THE STATE OF TENNESSEE and you consent to be served with any process by registered mail or by personal service within or without the State of Tennessee in accordance with applicable law, provided a reasonable time for appearance is allowed. YOU HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW THE RIGHT TO TRIAL BY JURY and the defense of an inconvenient forum to the maintenance of any such action or proceeding.

**15. MISCELLANEOUS.** THE LOAN MADE UNDER THIS NOTE IS FOR BUSINESS PURPOSES ONLY and is not made for consumer, personal, family or household purposes. All of your representations, warranties, indemnities, obligations and agreements shall survive repayment of this Note. This Note shall be binding upon and shall inure to the benefit of you and your heirs, personal representatives, successors and assigns. Neither this Note nor any term or provision hereof may be changed, modified, waived, discharged or terminated orally or in any manner other than by an instrument in writing, signed by us; and any request or notice to us must be in writing and delivered to our address on the first page. You agree to perform any further acts and execute and deliver any documents which may be necessary to carry out the provisions of this Note. You acknowledge that we drafted this Note as a convenience to you and it should not be construed against the draftsman. Restrictive endorsements on any checks you send to us will not be binding.

| | |
|---|---|
| **CONSERV LENDING, LLC**<br>5202 Centennial Blvd. #113, Nashville, TN 37209 | **Note and Security Agreement No. 2018100501** |

### PERSONAL GUARANTY Read carefully before signing and consult a lawyer if you have any questions.

The undersigned ("Guarantor" whether one or more) hereby personally, unconditionally and jointly and severally (if more than one) guarantees payment and performance of all Payments and other obligations owed by the Borrower under this Note and Security Agreement and any other agreements. Guarantor agrees that the Conserv Lending, LLC ("Conserv") may extend, transfer and amend the Note and Guarantor agrees to be bound by all such changes. Guarantor waives all notices, including notices of transfer, demand and default and all surety defenses. Guarantor agrees that the Conserv may proceed against Guarantor separately from the Borrower. Guarantor authorizes Conserv or its designee to obtain and use consumer credit reports on Guarantor from time to time in its credit evaluation and collection processes. Guarantor agrees that the law of Tennessee applies to this guaranty and the Note and consents to suit in the courts of the state of Tennessee and waives trial by jury.

Brenda D. Green
GUARANTOR #1 (Print Name)

X Brenda D. Green    10/06/2018
Signature (Individually; No Titles)    Date

GUARANTOR #2 (Print Name)

X_____
Signature (Individually; No Titles)    Date

## ADDENDUM TO NOTE AND SECURITY AGREEMENT No. 2018100501
## PARAGRAPH 4: INSURANCE

We have entered into a Note and Security Agreement ("Note") with **Conserv Lending, LLC** ("Conserv") under which we financed the purchase of the following equipment ("Equipment"):

Equipment: __2016 Kenworth T880 Quint-Axle Dump Truck VIN: 1NKZXPTX0GJ109422__

Under the Note we will be responsible for providing physical damage and liability insurance covering the Equipment. The insurance policy must list Conserv and its successors and assigns as first loss payee and additional insured and include a 30 day prior written notice of material alteration or cancellation. This certificate of insurance should be mailed to:

Conserv Lending, LLC
PO Box 92286
Nashville, TN 37209

The insurance should provide the following minimum coverages:

| PRIMARY LIABILITY | PHYSICAL DAMAGE |
|---|---|
| $100,000 per person bodily injury | |
| $300,000 per occurrence bodily injury | Cost of Vehicle: $145,000.00 |
| $ 50,000 per occurrence property damage | |

Borrower:
BG & RJ Hauling, LLC

By: Brenda D. Green
Print name: Brenda D. Green
Title: OWNER
Date: 10/06/2018

Lender:
Conserv Lending, LLC

By: _____
Print name: _____
Title: _____
Date: _____

## ACCEPTANCE CERTIFICATE AND

## PAYMENT AUTHORIZATION

Note and Security Agreement Numbered **2018100501** (the "Note")

Borrower: **BG & RJ Hauling, LLC** ("Borrower")

I, acting on behalf of Borrower, acknowledge that I have personally inspected or caused to be inspected to my satisfaction all items of Equipment described in the Note and that I am duly authorized on behalf of the Borrower to sign and bind the Borrower to the Note. The Equipment has been received, inspected and installed (if applicable) to Borrower's satisfaction and is complete, operational and in good condition and working order, is satisfactory in all respects and conforms to any and all specifications in the Note and the supply contract or other agreement with the Equipment vendor. Borrower hereby accepts the Equipment and authorizes Lender to, pay to the Equipment vendor, as an advance to Borrower, the purchase price of the Equipment and all related costs in reliance on this Acceptance Certificate. Capitalized terms used herein shall have the meanings assigned to them in the Note, except as the context shall require. I certify that no Event of Default or event that with notice of lapse of time would become an Event of Default currently exists.

BORROWER: **BG & RJ Hauling, LLC**

By: Brenda D. Green

Printed Name: Brenda D. Green

Title: Owner

Date of Acceptance: 10/06/2018, 20 18

**Accepted by Lender:**

Conserv Lending, LLC

Date: _____